(No. 16470.—Writ awarded.)

THE PEOPLE *ex rel.* John J. Dever *et al.* Relators, *vs.* ROBERT M. SWEITZER, County Clerk, *et al.* Respondents.

*Opinion filed December 16, 1924.*

1. ELECTIONS—*special election for circuit judge must be called by Governor.* The time of a special election to fill vacancies in the offices of circuit and superior court judges must be fixed and the election must be called by the Governor, and neither the county clerk nor the clerk of the court in which the vacancy occurs has any such power, and if the election is called by any other authority than the Governor it is not a mere irregularity but the election itself is invalid.

2. SAME—*recital in writ of special election may be amended to correct date of vacancy.* The recital in the writ of a special election called by the Governor to fill a vacancy in the office of judge of the superior court may be amended to correct the statement as to when the vacancy occurred, and the county clerk must act upon the writ even though the amendment is not received in his office within thirty days prior to the election, as the amended certificate speaks from the date of the original writ calling the election.

3. SAME—*when duties connected with election are mandatory and when directory.* Where a statute imposes a duty upon officials connected with the holding of an election and by express language provides that the omission to perform the same shall make the election void the courts are bound to enforce such statute, but if the statute simply provides that certain acts or things shall be done in a particular time or in a particular manner and does not declare their performance essential to the validity of the election, they will be regarded as mandatory if they do and directory if they do not affect the actual merits of the election.

4. SAME—*county clerk must act upon writ of election regular on its face—mandamus.* Where the county clerk receives a writ of election from the Governor which is regular on its face he has no right or authority to make any determination as to whether or not it should be followed, but he must act upon it even though it may call an election which he considers illegal; and he may be compelled by *mandamus* to print the notice of election and put the names of candidates on the ballot.

FARMER and THOMPSON, JJ., dissenting.

ORIGINAL petition for *mandamus.*

WILLIAM G. WISE, for relators.

WEYMOUTH KIRKLAND, HENRY A. BERGER, and JO-
SEPH B. FLEMING, for respondents.

Mr. JUSTICE STONE delivered the opinion of the court:

Relators, John J. Dever, as a qualified elector of Cook
county, and William V. Brothers and Worth E. Caylor, as
nominees at a republican convention for the offices of judge
of the circuit and superior courts, respectively, to fill va-
cancies caused by death and resignation of former incum-
bents, on leave being granted filed in this court their orig-
inal petition praying that a writ of *mandamus* issue against
the respondents, as county clerk of Cook county and board
of election commissioners, requiring that they print or cause
to be printed the names of William V. Brothers and Worth
E. Caylor on the ballots to be voted by the electors of Cook
county for the offices of judge of the circuit court of Cook
county and judge of the superior court of Cook county,
respectively, at the election to be held on November 4,
1924; that Sweitzer, the county clerk, be required to print
or cause to be printed the statutory notice of a special elec-
tion to fill such offices and cause the same to be delivered
to the sheriff for posting, as required by the statute. The
respondents appeared and filed their answers. The mem-
bers of the board of election commissioners answered, in
effect, that they stood ready to make the necessary certifi-
cates and print the names of Brothers and Caylor on the
ballots when the same are certified to them by Sweitzer, as
required by the statute. The county clerk answered, deny-
ing that he had refused to include the names of Brothers
and Caylor in the notice of the election or in the certificate
to the board of election commissioners. By his amended
answer, however, he states that he is advised that no proper
writ of election was issued by the Governor, and that there-
fore it is not his duty to include the names of Brothers and .

Caylor on the ballots for the election November 4. The amended answer was demurred to, and the question of its sufficiency is thus presented.

The facts are as follows: On August 11, 1924, Gov. Len Small issued a writ of election calling a special election on November 4 to fill the office of judge of the superior court of Cook county made vacant by the resignation of Hon. Charles A. McDonald therefrom, at the same time issuing a writ for a special election on November 4 to fill the vacancy in the office of circuit judge of Cook county caused by the death of Hon. John K. Prindiville, a judge of said court. Pursuant thereto the republican party of Cook county called a convention, which was held on the 29th day of September, 1924, at which time Brothers and Caylor were nominated to fill the vacancies in the circuit and superior courts, respectively. On the first day of October the certificate of such nomination was filed in the office of the Secretary of State, who thereafter issued a certificate to the county clerk of Cook county certifying the nomination of Brothers and Caylor as candidates at a special election to be held on November 4 for the purpose of filling the vacancies herein referred to. It also appears from the petition and the answer of Sweitzer, that Brothers and Caylor called upon Sweitzer and reminded him that the certificate of nomination had been sent to him and that he had issued an election notice which did not contain the offices of judge of the circuit court and judge of the superior court to be filled at a special election called as herein referred to, and demanded that he prepare an election notice in accordance with the statute. It appears that Sweitzer gave them no answer at the time, saying that he desired to consult his attorney. It appears also from his answer, and it is admitted by the demurrer, that the records of the office of Sweitzer show that an election was held to fill the vacancies in the circuit and superior courts caused by the death of Hon. John K. Prindiville

and the resignation of Hon. Charles A. McDonald, for June 2, 1924; that nominations were made for said offices by the democratic party; that Frank Comerford was nominated for the office of judge of the circuit court and John J. Kelly was nominated for the office of judge of the superior court to fill vacancies occasioned by such death and resignation; that said election was held on June 2, 1924, at which Comerford and Kelly received a plurality of all votes cast at that election for the offices of judge of the circuit and superior courts, respectively; that the republican party did not nominate candidates to fill such vacancies for the election on June 2. Sweitzer by his amended answer also avers that the writ of election issued by the Governor is void on its face, for the reason that it calls an election for November 4 to fill an alleged vacancy caused by the resignation of Hon. Charles A. McDonald, which the writ itself states to be on December 5, 1924; that a new and different writ of election issued by the Governor was later received in the office of Sweitzer on the 10th of October, less than thirty days before the election on November 4, which showed the resignation of McDonald to have taken place on December 5, 1923.

The question involved in the case is whether or not it was the duty of Sweitzer to include the names of Brothers and Caylor in the notice and on the ballots. The determination of this question necessarily involves a determination of the question whether the election of June 2, 1924, to fill these vacancies was a valid election, for if so, there was no vacancy to be filled on November 4.

The power to call an election to fill vacancies is prescribed by the statute. Section 145 of chapter 46 (Cahill's Stat. 1923) provides as follows: "When a vacancy shall occur in the office of judge of the Supreme Court, judge of the circuit court, judge of the superior court of Cook county, or judge of the county court, the clerk of the court in which the vacancy exists shall notify the Governor of

such vacancy. If such vacancy shall occur within one year before the expiration of the term of the office made vacant, the Governor shall fill such vacancy by appointment; but if the unexpired term exceeds one year, the Governor shall issue a writ of election, as in other cases of vacancies to be filled by election."

This court held in *People* v. *Czarnecki,* 312 Ill. 271, and in *Stephens* v. *People,* 89 id. 337, that the time of a special election to fill vacancies in such offices as circuit and superior court judges must be fixed and the election called by the Governor. Neither the county clerk nor the clerk of the court in which the vacancy occurs has any such power. It is argued earnestly that unless the power be vested elsewhere, the Governor may, by refusing to call a special election to fill a vacancy, prevent the functioning of different departments of the government, or by waiting until the unexpired portion of the term amounts to less than one year appoint an official to fill such vacancy, and thus defeat the purpose of the statute. Without passing on the validity of such an appointment or the advisability of a statute permitting a special election to be called by others in case of unreasonable delay on the part of the executive in so doing, it is sufficient to say that such are questions which should be addressed to the legislature and not to the courts, whose duty it is to construe the laws as they are.

It is objected that the recital in the writ of election, by showing the resignation of Hon. Charles A. McDonald to have taken place on December 5, 1924, renders the writ of election invalid. The recital is as follows: "Whereas, by reason of the resignation on December 5, A. D. 1924, of the Hon. Charles A. McDonald as a judge of the superior court of the county of Cook, in the State of Illinois, a vacancy now exists in the office of judge of the superior court of Cook county," etc. The writ then proceeds to call a special election to be held in the county of Cook

on November 4 to fill such vacancy. It is contended that this shows that McDonald's resignation was not to take effect until December 5, 1924, and that therefore no vacancy existed when the writ was issued. It is evident, however, from the language of the recital itself that the date "December 5, A. D. 1924," is a typographical error. The recital states that by the resignation of McDonald on that date a vacancy "now exists." A resignation to take effect on December 5, 1924, would not create a vacancy until that time, and it would be inconsistent with the balance of the recital to say that a vacancy now exists where the date of the resignation is, in fact, subsequent to the date of the writ. That this was a typographical error is further borne out by a second writ of election issued October 10 bearing date August 11, on which is endorsed: "Writ of election to correct typewriter error in date of resignation in original." In the second writ the resignation of McDonald is shown to have been on December 5, 1923. The issuance of the second writ was but a correction of the first and does not constitute the issuance of a new writ. That it merely corrected the first writ to speak the truth is not controverted, as it nowhere appears that Judge McDonald did not, in fact, resign on December 5, 1923.

It is also argued that the election of June 2, 1924, having been called and having taken place, and the election of Kelly and Comerford to fill the vacancies herein referred to having been had, there was no vacancy to be filled on November 4; that the election of June 2 cannot be attacked because of irregularity in the manner of calling the same, and that the failure of the Governor to issue a writ of election to fill vacancies in time for the election in June should not be allowed to defeat the will of the people when expressed at the polls. Counsel cite in support of this argument *People* v. *Graham,* 267 Ill. 426. In that case the question was whether or not the election was void by reason of the fact that a voting place was fixed outside the

election district, where a large number of the electors cast their votes and where there was a fair expression of the will of the voters. It was there held that the omission on the part of an election official to perform his duty will not render void the election, where such irregularity has not hindered any voter from exercising the right of suffrage or rendered doubtful the evidence from which the result was to be declared.

Where a statute imposes a duty upon officials connected with the holding of an election and by express language provides that the omission to perform the same shall make the election void the courts are bound to enforce such statute, but if the statute simply provides that certain acts or things should be done in a particular time or in a particular manner and does not declare their performance essential to the validity of the election, they will be regarded as mandatory if they do and directory if they do not affect the actual merits of the election. (*People* v. *Graham, supra.*) The question arising in the *Graham case* had to do with an irregularity in fixing a polling place. There was nothing in the call of the election nor in the election itself which was illegal. It was an irregularity on the part of an election official having to do with a valid election. Such is not the case here. No one other than the Governor has authority to call such an election, and an election not so called is of itself invalid from its inception. Such a case is not one merely of an irregularity in an official act having to do with a valid election. The *Graham case* is therefore not applicable.

The county clerk, when he receives a writ of election from the Governor of the State which is regular on its face, has no right or authority to make any determination as to whether or not it should be followed. He is purely a ministerial officer, and has no right or authority, in the absence of statute, to determine whether a special election should be called or to call the same. He has no authority

to refuse to obey an election writ regular on its face though it may appear to call an election which he considers illegal. If the writ is regular on its face his duty is to obey it and leave questions concerning the legality of the election to the courts. *People* v. *Righeimer,* 298 Ill. 611, and *People* v. *Dillon,* 266 id. 272, cited by respondents, do not lay down a different rule. The rule there announced is that the clerk may examine a petition to see whether it is regular on its face. If it is he must act on it; if not he need not.

The writ will be awarded.          *Writ awarded.*

FARMER and THOMPSON, JJ., dissenting:

The first writ of election was dated August 11, 1924, was filed with the county clerk August 13, 1924, and ordered a special election to fill a vacancy caused by the resignation of Judge McDonald on December 5, 1924. That writ was void on its face, and the county clerk was justified in refusing to call a special election for November 4, 1924, to fill a vacancy to occur December 5, 1924. If the writ on its face was void it was not the duty of the clerk to obey it. *People* v. *Dillon,* 266 Ill. 272; *Biddle* v. *Willard,* 10 Ind. 62; *Commonwealth* v. *Martin,* 22 Pa. St. 319; *State* v. *Edgenoss,* 108 Ohio St. 493.

After this suit was begun another writ of election was issued and filed in the office of the county clerk October 10, 1924, calling a special election for November 4, 1924. It was dated August 11, 1924, and contained the statement that it was issued "to correct a typewriter error in date of resignation in original." In the second writ the date of the resignation of Judge McDonald was stated to have occurred December 5, 1923. It could not be contended that the clerk should issue notice for a special election if no writ had been filed in his office until October 10, but the opinion holds it was issued to correct an error in the original writ, that the error in the first writ issued was apparent on the face of it, and that it was the duty of the clerk to call

314—22

the special election. With that proposition we cannot agree. The writ of election was the only authority and notice of the facts recited in it of which the clerk could take cognizance. It was his duty to refuse to give notice of the special election under that writ, and it was too late when the second writ was issued after this suit was begun to make it the duty of the clerk to give notice of a special election. There was nothing on the face of the first writ filed in the clerk's office to indicate that any mistake had been made or that the election was not ordered in anticipation of a resignation that had not yet occurred. The writ furnished the only information the clerk had, and was the only authority upon which he was to act. It was not his duty to make an investigation, outside of the face of the writ, to determine whether the writ incorrectly recited the resignation of Judge McDonald. If the issuance of the writ calling for a special election to fill a vacancy before it had occurred was a mistake, it was no part of the duties of the clerk to determine that matter, but the responsibility for the mistake rested solely on the officer issuing the writ, and it could not be corrected by the issuance of a writ at the time the second writ was issued, stating that in the first writ there was a mistake in the date of the resignation of Judge McDonald. In our opinion the clerk was justified in refusing to give notice of the special election.

This is a joint petition for the writ, and it cannot be allowed as to one of the petitioners and denied as to the other. (*Commonwealth* v. *Martin, supra.*) The second writ of election was wholly void as authority to the clerk to give notice of a special election for November 4, 1924, and we think the writ should have been denied.