FIFTH DIVISION
October 16, 2008

1-08-2786

| | | |
|---|---|---|
| TYRONE HAYMORE, | ) | Appeal from the |
| | ) | Circuit Court |
| Plaintiff-Appellee, | ) | of Cook County |
| | ) | |
| v. | ) | |
| | ) | No. 08 COEL 0013 |
| DAVID ORR, Clerk of the County of Cook, <u>et al.</u>, | ) | |
| | ) | The Honorable Nathaniel Howse |
| Defendants-Appellants. | ) | Judge Presiding. |

JUSTICE TULLY delivered the opinion of the court:

Plaintiff, Tyrone Haymore, sought a writ of <u>mandamus</u> to compel defendant Pamela M. Bradley, as the village clerk of the Village of Robbins, to certify a binding referendum for placement on the ballot for the November 4, 2008, general election. The trial court granted plaintiff's request and defendants appealed. We reverse.

## FACTS

The facts of this case are not in dispute. The plaintiff sought to have a binding referendum question placed on the ballot in the Village of Robbins for the November 4, 2008 general election. The plaintiff timely filed 9 petition sheets containing 142 signatures with the village clerk of Robbins. The village clerk certified the question on August 22, 2008, and sent the certification to Cook County Clerk David Orr for placement of the referendum on the ballot. On September 10, 2008, the village clerk withdrew the certification because the petition filed by the plaintiff did not contain a sufficient number of signatures to put the question on the ballot.

Plaintiff then filed a complaint for <u>mandamus</u> to compel the village clerk to certify the

question for the ballot. Plaintiff argued that the village clerk lacked the authority to withdraw the certification because she had previously accepted and certified the petition and the deadline for her to certify the question to the county clerk had expired. Plaintiff further argued that pursuant to section 10-8 of the Election Code (the Code) (10 ILCS 5/10-8 (West 2004)), any petition that is in apparent conformity with the Illinois Election Code is deemed valid unless timely objected to. Because no objections were filed against plaintiff's papers, the village clerk was legally obligated to certify the question for the ballot.

On October 8, 2008, the trial court entered judgment and ordered defendant Orr to "include plaintiff's public question *** on a paper ballot to be counted downtown." [1] This appeal followed.

## DISCUSSION

The issue presented in this case is whether under section 10-8 of the Code, the village clerk possessed the authority to determine whether plaintiff's petition apparently conformed to the Code's requirements. The construction of a statute is a question of law, and therefore our review is de novo. Peterson v. Aldi, Inc., 288 Ill. App. 3d 57, 63, 679 N.E.2d 1291 (1997).

The procedures for certifying a public question are set forth, in relevant part, in sections 28-5 and 10-15 of the Code. Section 28-5 states:

[1]The trial court entered a 24-hour stay of the order and this court entered a stay pending our ruling. Early voting began on October 13, 2008.

"Not less than 61 days before a regularly scheduled election, each local election official shall certify the public questions to be submitted to the voters of or within his political subdivision at that election which have been initiated by petitions filed in his office***. " 10 ILCS 5/28-5 (West 2004).

There is no dispute that here the village clerk timely certified the plaintiff's question. The plaintiff argues the clerk does not have the authority to change the certification after the 61-day deadline has passed. Plaintiff maintains to find otherwise would render section 28-5 superfluous.

However, section 10-15 states:

"The local election official shall issue an amended certification whenever it is discovered that the original certification is in error." 10 ILCS 5/10-15 (West 2004).

The statute does not state a deadline for the amendment of an erroneous certification. So we turn to the question of whether the village clerk possessed the authority to determine whether the plaintiff's petition was valid. Section 10-8 provides:

"Certificates of nomination and nomination papers, and petitions to submit public questions to a referendum, being filed as required by this Code, and being in apparent conformity with the provisions of this Act, shall be deemed to be valid unless objection thereto is duly made in writing ***. " 10 ILCS 5/10-8 (West 2004).

Thus, as we read the Code, public questions are to appear on the ballot if the petition was (1) filed as required by the Code, (2) in apparent conformity with the Code when filed, and (3) not subject to a duly filed objection. In this case, there is no dispute that plaintiff followed the

appropriate procedures for filing his petition. Plaintiff filed his petition on time and with the appropriate local election official. In addition, the parties agree that no objections were filed against plaintiff's petition and that the local electoral board did not invalidate the petition. The dispute thus arises over whether plaintiff's petition was "in apparent conformity" with the Code when filed and whether defendant possess the authority to make that determination.

The resolution of this issue is controlled by the Illinois Supreme Court's decision in People ex rel. Giese v. Dillon, 266 Ill. 272, 275-76, 107 N.E. 583 (1914). Although the court rendered Dillon prior to the legislature's enactment of the Code in its current form, the issue in Dillon is identical to that presented in this appeal. In addition, the Second District addressed the issue in 1998 in North v. Hinkle, 295 Ill. App. 3d 84, 87, 692 N.E.2d 352 (1998), and found the analysis in Dillon "sensible and relevant." We agree.

In Dillon, the residents of La Salle filed a petition with the town clerk to have the question, "'Shall this town become anti-saloon territory?'" placed upon the ballot. Dillon, 266 Ill. at 273. When the clerk refused to place the question on the ballot, the residents filed a petition for a writ of mandamus to compel the clerk to place the question on the ballot. Dillon, 266 Ill. at 273. In response to the petition, the clerk argued that he was under no obligation to place the question on the ballot because the submitted petition did not comply with the law. Dillon, 266 Ill. at 274. Specifically, the clerk argued that (1) the signatures on the ballot were not those of legal voters and were not given in person, and (2) the sworn statements at the bottom of each page were neither signed by a resident of La Salle nor sworn to by an officer having authority to

administer 1-08-2786

an oath. <u>Dillon</u>, 266 Ill. at 274.

In affirming the trial court's granting of the writ of <u>mandamus</u>, the Illinois Supreme Court explained that the responsibility for determining whether an election petition apparently conforms to the law rests with the town clerk. <u>Dillon</u>, 266 Ill. at 275-76. Specifically, the clerk's duty is "to determine whether, upon the face of the petition, it is in compliance with the law." <u>Dillon</u>, 266 Ill. at 276. If the petition on its face appears to comply with the statutory requisites, the clerk may not look outside the petition to determine whether in fact it does comply; he must submit the question to the voters. <u>Dillon</u>, 266 Ill. at 276. Because the validity of signatures and the authority of officers cannot be determined by examining the face of an election petition, the court concluded that the petition was in apparent conformity with the law and thus that the clerk was obligated to submit the question to the voters. <u>Dillon</u>, 266 Ill. at 276.

However, the court continued, had the petition not appeared on its face to have complied with the statutory requisites, the clerk would have had no duty to submit the question to the voters. <u>Dillon</u>, 266 Ill. at 276. For example, by examining the face of the petition, a clerk can determine whether it contains the requisite number of signatures. <u>Dillon</u>, 266 Ill. at 276. If it does not, the petition is not in apparent conformity with the election statutes and the clerk has no duty to certify the question for the ballot. <u>Dillon</u>, 266 Ill. at 276.

Section 10-8 does not state that all petitions to submit a public question are deemed valid unless they are subject to a duly filed objection. Rather, the Code states that all petitions, "being filed as required by this Code, and being in apparent conformity with the provisions of this Act,"

5

are deemed valid unless they are subject to a duly filed objection. 10 ILCS 5/10-8 (West 2004). Clearly, section 10-8 contemplates that the question of whether papers were duly filed and in apparent conformity with the law when filed is a threshold question that will be answered through a procedure other than statutory objection. Otherwise, the qualification, " being filed as required by this Code, and being in apparent conformity with the provisions of this Act," (10 ILCS 5/10-8 (West 2004)) aside from making no sense, would be wholly superfluous.

Accordingly, because plaintiff's petition was facially deficient, defendant was within her authority when she withdrew the certification of plaintiff's question for the ballot. The trial court erred in granting injunctive relief to plaintiff and the court should have denied plaintiff's request for a writ of mandamus.

For the foregoing reasons, the judgment of the circuit court is reversed.

Reversed.

O'MARA FROSSARD and TOOMIN, JJ., concur.