The People ex. rel. William A. Moore v. Benjamin
F. H. Witherell.

*Election. Recorder of Detroit. Construction of the Charter.* It is expressly provided
in Sec. 26, Chapter 6, of the Charter of the City of Detroit, that vacancies in any
elective office, *except that of Mayor, Recorder or Alderman,* are to be filled at the
next annual election. And in such a case, no notice or appointment of an election
is required to fill the vacancy. *People ex. rel. Speed v. Hartwell,* 12 *Mich.* 508.
The Common Council may designate a Circuit Judge to hold the Recorder's Court un-
til the vacancy shall be filled; but there is no law providing for filling such va-
cancy without a special election. Whether the charter or laws provide for such
special election need not now be decided; the relator's election being a nullity,
and the respondent having been designated by the Common Council, judgment
was entered for the respondent.

*Submitted November* 11*th. Decided November* 13*th.*

Information in the nature of a quo warranto.

At the general election held in the fall of 1864, Hon. B. F.
Hyde was elected Recorder for the full term of six years,
from and after January next ensuing. In the month of July,
1865, the Common Council by a unanimous vote designated
Hon. B. F. H. Witherell, Wayne Circuit Judge, to exercise all
the powers and duties of said Recorder until said vacancy be
filled.

No further action was taken by the Council in reference to
the vacancy in said office. Since the passage of said resolu-
tion, Judge Witherell has held the Recorder's Court and dis-
charged all the duties of the office.

At the general election, held in November, 1865, William
A. Moore and William P. Yerkes were candidates, and the
only ones, for the office of Recorder, to fill vacancy. Each
received a large number of votes, but William A. Moore re-
ceived a majority of all the votes cast.

THE PEOPLE *v.* WITHERELL.

REFERENCES TO THE CHARTER OF THE CITY OF DETROIT.

SEC. 1, CHAP. 6, PAGE 57—"There shall be a Municipal Court, in and for the city of Detroit, to be called the Recorder's Court, which shall be a Court of Record."

SEC. 2—"The Recorder of said city shall be the Judge of said Court, but in case of his absence from the city, inability to attend, or vacancy in his office, one of the Judges of the Circuit Court, to be previously designated by the Recorder or the Common Council, shall be the Judge of said Court, and as such Judge, have and exercise all the powers and duties of said Recorder, until he shall resume his office, or such vacancy be filled."

SEC. 1, CHAP. 2, PAGE 7—"The following officers of the corporation shall be elected at the annual city election, on a general ticket, by the qualified electors of the whole city, viz: mayor, recorder, city clerk, attorney," &c.

SEC. 13, CHAP. 2, PAGE 12—"The recorder (shall hold his office) for the term of six years." The same section also contains the following proviso; "That all officers, whether elected or appointed, shall hold their offices respectively, until their successors shall be duly elected or appointed and qualified, and shall enter upon the discharge of their duties."

SEC. 26, CHAP. 2, PAGE 16—"If a vacancy occurs in any elective office, other than mayor, recorder or alderman, the common council shall appoint some person eligible under this act, to serve in such office until the next annual election, when the vacancy shall be filled for the residue of the official term."

SEC. 1, CHAP. 3, PAGE 18—"The annual city election shall be held on the first Tuesday, after the first Monday of November in each year, at such places in the several wards, as shall be designated by an order of the common council, at least twenty days previous thereto, notice of which, specifying also the officers to be elected and the time for opening and closing the polls, shall immediately, or within three days after the

date of such order, be given by the city clerk, by publication in two or more daily newspapers, published in said city. The time and place for holding a special election shall be designated, and the notice thereof given in the same manner, and to the same effect."

SEC. 14, CHAP. 3, PAGE 22—" If any person be voted for at any election to fill a vacancy or residue of a term, the ballots of the electors shall designate such vacancy or residue."

SEC. 21, (PARAGRAPH 2,) CHAP. 5, PAGE 29—Chapter 5 prescribed powers and duties of the Common Council. "To provide for and regulate the election and appointment of all officers, and for their removal from office, and for the filling of vacancies, subject to this act."

The above facts and references were admitted by stipulation to be correct.

*G. V. N. Lothrop* for relator.

*Wm. Gray* for respondent.

CAMPBELL J.

This is a proceeding on an information in the nature of a Quo Warranto. The relator was, at the recent election held under the charter of the city of Detroit, voted for to fill the vacancy in the office of Recorder of that city, caused by the death of the incumbent, Benjamin F. Hyde. No election was ordered for that purpose by any one. Judge Witherell is acting as Judge of the Recorder's Court, under section 2, chapter 6 of the charter, which in case of absence, sickness, or vacancy in the office of Recorder, authorizes the Common Council to designate a Circuit Judge to act until the vacancy is filled, or the office resumed by the Recorder temporarily absent. The first section of chapter 2 provides for the several officers to be elected at annual elections, and the 13th section provides that the Recorder shall hold office for six years. We held in *Stadler v. the City of Detroit*, 13. *Mich.* 346, that section 1 only applied to the time when the election

was to be held, when offices were to be filled for full terms, and did not authorize an election oftener than when one term of office was about to expire and another to begin. In other words, it would in case of the Recorder refer to the annual election held every sixth year, as in that case it referred to a biennial election for Marshal. It refers to original elections, and not those held to fill vacancies.

By section 26 of the same chapter, vacancies in any elective office, *except that of Mayor, Recorder or Alderman,* are to be filled at the next annual election. In such case no notice or appointment of an election is required to fill the vacancy, but the statute is imperative.—*People ex rel. Speed v. Hartwell,* 12 *Mich.* 508.

The charter contains no other provision bearing on the subject, and there is no general law of the State providing that a vacancy can be filled without a special election or notice. We are not called upon to determine whether any statute has provided for filling vacancies in this particular office, otherwise than by the process resorted to by the Common Council, which designates an existing judicial officer of the State to perform the duties during the vacancy. The relator's election is a nullity, and the incumbent is entitled to exercise the functions of the office.

Judgment should be for the respondent.

COOLEY and CHRISTIANCY JJ. concurred.

MARTIN CH. J. *dissenting.*

I do not concur with my brethren. I think the present incumbent of the office of Recorder was, and could only be, appointed for the temporary period which would intervene between the occurrence of the vacancy and the next general election. This is in accordance with the whole theory of popular elections, and I do not think the legislature intended to make an exception in this office, and confer upon the common council of Detroit a power which the constitution has withheld from the Governor in parallel cases.