MARTIN SECORD, RELATOR v. CHRISTOPHER C. FOUTCH.

*Probate judges—Informations in the nature of quo warranto.*

Probate judges are not within the exception in Comp. L. § 7101, which permits informations in the nature of *quo warranto* to be filed in the circuit court except against State officers.

An election to fill a vacancy in the office of judge of probate, though held at the same time as a general election of other officers, is void unless some distinct and public notice was so given that voters might clearly understand that it was to be held.

Comp. L. § 34, in providing that vacancies in certain offices, if not supplied before the next general election may be filled then, is merely permissive.

A judge of probate having moved from the county during his term, the Governor appointed another to fill his place. In giving notice of the next general election it was intimated in two notices that an election would be held to fill the vacancy, but this intimation was afterwards omitted. At the election there was no competition, and the number of votes cast for the one candidate indicated that it was not generally understood a probate judge was to be chosen. *Held* on *quo warranto* proceedings against the Governor's appointee, that the election was void as held without sufficient notice, and that respondent was entitled to the position.

Error to Gladwin. Submitted June 10. Decided June 16.

INFORMATION in the nature of *quo warranto*. Relator brings error in Supreme Court. Judgment for defendant.

*Albert Trask* for relator.

*James Van Kleeck* and *M. H. Stanford* for defendant.

CAMPBELL, J. An information in the nature of a *quo warranto* was filed on behalf of relator in the circuit court for the county of Gladwin, to try the title of respondent to the office of judge of probate for that county. Respondent was appointed by the governor, in September, 1878, in place of the regular incumbent, Aaron D. Stevens, who had been elected for the term which began in January, 1877, but who, it is agreed, removed from the county in May, 1877. Relator claims to have been elected at the regular general election in November, 1878. No notice was given of this election as including a vacancy in the office of judge of probate as contemplated by statute; but the sheriff published a newspaper notice on the 10th and 17th of September containing such an intimation, but in his subsequent publications left it out. No action was had declaring the vacancy or explaining it, except the commission issued by the governor to respondent. At the election there were no votes cast for any one but respondent, and he received one hundred and three votes in one town, eight in a second and two in a third, or one hundred and thirteen votes in all.

The facts were all agreed upon, but the circuit judge on the hearing decided he had no jurisdiction and dismissed the case. He did so on the ground that this court had held that the judge of probate was not a county officer, but was a part of the judiciary system of the State. Such judges are not "State officers" in the sense in which that term is used in the statutes, and are not, therefore, within the exception of § 7101 of the Compiled Laws, which takes those officers out of the jurisdiction of the circuit courts in this class of cases.

There is no statute which makes it imperative that a vacancy in this office shall be filled at the next general election where there has been no special election. In *People v. Hartwell* 12 Mich. 508, we held no notice of an election to fill a city office at a general election was necessary, because the charter, having provided for ascertaining the existence of a vacancy by the declaration of the common council, made it imperative that it should be filled at the next election. But under the same charter we also held that a vacancy in the recorder's office could not be so filled without notice or some other action, because that office was excepted from the mandatory clause. *People v. Witherell* 14 Mich. 48. And in *People v. Canvassers of Kent* 11 Mich. 111, we held that in an election for circuit court commisssioners, where the notice was at first given for a choice of two commissioners, and then confined to one, although two persons were voted for but their combined votes equalled only the aggregate of votes cast by voters for single officers, they were to be regarded as running for one office and as to the other there was no election. In the present case it is entirely clear that there could have been no general idea that there was to be an election for judge of probate, for there were no opposition candidates and the number of votes cast is conclusive of the general understanding. The change in the notice here as in the Kent election, would indicate that no such election was to be had. It can only be on the theory that some positive rule of law required the people of Gladwin county to accept an officer whom they never knew they were voting for, that such an abuse can be established. We think there is no such rule.

It is a necessary safeguard to popular elections that the people be informed what officers they are to vote for. They may be expected to know what elections are to be made at the regular general elections, and as to those in ordinary cases, it might be dangerous to allow a failure to give notice to avoid the election. This would enable the popular will to be defeated by the misconduct of ministerial officers. But there can be no such knowledge assumed concerning vacancies in office, and without some distinct and public notice of some

sort, such an election could hardly fail to be capable of the worst kind of fraud and trickery. As to such matters the statutes concerning general elections are only permissive, and declare that vacancies *may* be filled—not that they *shall* be. Comp. L. § 34. This being so, we cannot regard the absence of a notice, where there has been no other equivalent action, as unimportant. Whether the sheriff could give it without the direction of the supervisors, or whether a finding of the fact of vacancy by them is not always required, as contemplated in sections 45 and 616 of the Compiled Laws, we need not now inquire. But it is enough for the purposes of this case to say that no such election can be had without some adequate notice.

The respondent is clearly entitled to the office, and inasmuch as the facts are all agreed upon of record, a judgment must be entered that the plaintiff is entitled to no relief and that the defendant is not guilty of any usurpation, and that he go hence without day and recover against relator his costs of both courts.

The other Justices concurred.