JOSEPH T. WARD V. H. S. CLARK.

JUSTICE OF THE PEACE; *Election to Fill Vacancy.* The governor appointed the defendant, in August, 1885, to fill a vacancy in the office of justice of the peace of the city of Topeka. The plaintiff was voted for and claimed to have been elected to fill such vacancy at the general election held in November, 1885. *Held*, That the vacancy could not be filled by an election before the regular city election held in April, 1886, to which time the defendant was entitled to hold the office under the appointment of the governor, and until his successor then chosen had qualified.

*Original Proceedings in Quo Warranto.*

ACTION in the nature of *quo warranto,* brought in this court November 28, 1885, by *Joseph T. Ward* against *H. S. Clark.* The opinion, filed at the May, 1886, session of the court, states the material facts.

*Joseph T. Ward,* plaintiff, for himself.
*Webb & Spencer,* and *J. H. Dinkgrave,* for defendant.

The opinion of the court was delivered by

JOHNSTON, J.: This is an action in the nature of *quo warranto,* brought by Joseph T. Ward to try the title to the office of justice of the peace of the city of Topeka, which office, he alleges, has been usurped and is unlawfully held by the defendant, H. S. Clark. The case has been presented here upon the defendant's demurrer to the petition of the plaintiff. From the petition it appears that J. M. Matheny was elected to the office in question in April, 1885, and resigned it in August of that year. Immediately upon the resignation of Matheny, and more than thirty days preceding the general election in November, 1885, the defendant, H. S. Clark, was appointed by the governor to fill the vacancy caused by such resignation. At the general election held on November 3, 1885, the plaintiff was voted for, and received the highest number of votes, for justice of the peace, to fill out the unexpired term for which Matheny was elected. The plaintiff claims the office by virtue of this election, contending that under the provisions of § 11 of article 3 of the constitution, it was a proper election to fill the vacancy occasioned by the resignation of Matheny, while the defendant claims that the vacancy could not be filled by election until the regular city election held in April, 1886, and that he was entitled to hold the office by virtue of the appointment of the governor until that time. The question raised by the pleadings has been practically determined by former decisions of this court. In § 11 of article 3 of the constitution it is provided that "In case of vacancy in any

judicial office, it shall be filled by appointment of the governor until the next regular election that shall occur more than thirty days after such vacancy shall have happened." The phrase "next regular election," found in the above provision, has been defined to be "the next election held conformably to established rule or law," and also "the regular election prescribed by law for the election of a particular officer to be elected." (*The State, ex rel. Watson, v. Cobb*, 2 Kas. 32; *Matthews v. Comm'rs of Shawnee Co.*, 34 id. 606.)

It is true that the statute provided for the annual election of township officers at the general election held in November, 1886, (ch. 195, Laws of 1885,) and if the particular office in contest was a township office, or one to be filled at the annual township election, the contention of the plaintiff would be correct. But we must take notice of the fact that Topeka is a city of the first class, with a population in excess of fifteen thousand. In § 48 of chapter 110 of the General Statutes of 1868, it is enacted that in cities having more than two thousand inhabitants, justices of the peace shall be elected at the regular city election. This is a valid statute, and still remains in force. (*Borton v. Buck*, 8 Kas. 302; *The State, ex rel., v. Farrell*, 20 id. 214.) It therefore furnishes the rule for determining the time when the vacancy in question should be filled, and settles it that the regular city election in 1886 was the next regular election occurring more than thirty days after the resignation of Matheny; and therefore the defendant was entitled to hold the office as justice of the peace until that time, and until his successor then chosen had qualified. Nothing in the constitution requires that justices of the peace shall be elected at a general election, nor that all justices of the peace shall be chosen at the same election. The legislature has full power to classify the cities and townships of the state, and to prescribe that the election of justices of the peace in cities of the first class shall be held at one time, in cities of the second class at another time, and in townships outside of such cities at still another time, or to make any other like classification of the townships which it

*Justice of the peace; election to fill vacancy, when.*

may deem proper. A law fixing the time for the election of justices of the peace in any such class, as has been done by said §48, and which operates alike upon all townships coming within that class, is a general law, and not obnoxious to the constitutional requirement that all laws of a general nature shall have a uniform operation throughout the state.

It follows that no election for the office of justice of the peace could have been or was held in the city of Topeka at the general election in November, 1885, and therefore the demurrer of the defendant must be sustained.

All the Justices concurring.