# JANUARY TERM, 1889.

## PRESENT:

Hon. ALBERT H. HORTON, Chief Justice.
Hon. DANIEL M. VALENTINE,  } Associate Justices.
Hon. WILLIAM A. JOHNSTON,  }

## CHARLES R. COOK v. MARTIN L. MOCK.

NOTICE, *Failure to Give—Election, Vitiated.* If an election is held to fill a vacancy for the office of a justice of the peace in a city of the second class, at any other election than at the regular city election for the election of justices of the peace, and no official proclamation or public notice is given of the election to fill the vacancy, and less than one-third of the electors of the city vote for a person to fill the vacancy, *held*, that the omission to give any official or public notice of the election to fill the vacancy, and the failure of the electors to participate generally in the election, vitiate the same, and the person claiming the office of justice of the peace under such an election is not entitled to it.

### *Original Proceedings in Quo Warranto.*

PETITION filed in this court, on April 28, 1888. The facts are stated in the opinion herein, filed at the session of the court in January, 1889.

*Strohm & Foley,* for plaintiff.
*Wallace & Smoot,* and *Lydecker & Cooper,* for defendant.

The opinion of the court was delivered by

HORTON, C. J.: The principal question presented is, whether the certificate of election issued to Charles R. Cook for the office of justice of the peace for the city of Kingman, the subsequent approval and filing of his bond and oath of office, together with a demand by him for the books and records of

the office, entitles him to the office as successor of Martin L. Mock. The facts in the case are, in substance, as follows: On October 28, 1878, there was in existence in the county of Kingman the municipal township of White; the first regular election after that date was held November 5, 1878, at which election regular township officers for White township, including justice of the peace, were chosen; in January, 1887, the city of Kingman was duly organized and declared a city of the second class; it was composed of a portion of the township of White; on February 3, 1885, at the township election for White township, two justices of the peace were elected for full terms, who duly qualified; soon thereafter, and more than thirty days prior to the next general election, Halstein, one of the justices, resigned, and Martin L. Mock was appointed as his successor, and at the next regular election for White township, in November, 1886, Mock was elected for the unexpired term of Halstein; at the time of the incorporation of the city of Kingman in 1887, Mock resided and held his office within the territory detached from White township, (included within the corporate limits of the city of Kingman,) and discharged the duties of the office of justice of the peace for the city of Kingman, and still continues to exercise the duties thereof; on April 8, 1887, at the regular election for justices of the peace for the city of Kingman, no one was elected as the successor of Mock; on the 20th of March, 1888, the mayor of the city of Kingman issued a proclamation notifying the voters that the regular annual election would be held, in the various wards in the city, on Tuesday, the 3d day of April, 1888, for the election of city officers, but omitted and neglected to call or give any notice for the election of a justice of the peace to fill any vacancy, or to succeed Mock; on April 3, the general city election for city officers was held, and three persons were voted for for the office of justice of the peace; C. R. Cook received 166 votes; M. L. Mock 5 votes; and Tom Wilson 1 vote. At the election the total vote cast, exclusive of the votes of females, was 547. Admitting, as is claimed by the plaintiff, that there was a vacancy in the office

of justice of the peace of the city of Kingman, on April 3, 1888, yet as no notice of such election was proclaimed by the mayor, and as the election on April 3, 1888, was not a regular city election for the election of justices of the peace, Cook is not entitled to the office. (Comp. Laws of 1885, ch. 19, § 17; *Ward v. Clark*, 35 Kas. 317; *Jones v. The State*, 1 id. 273; *The State v. Sherman Co.*, 39 id. 293; *Wood v. Bartling*, 16 id. 109.) The evidence in this case does not show that Mock was a real candidate at the election on April 3, or that his friends voted the five ballots cast for him, and the number of votes cast for the office of justice of the peace, compared with those given for the other officers, is sufficient to show that the whole body of electors of the city of Kingman did not understand they were to elect a justice of the peace at that election. The electors had no official or public notice of the election of a justice of the peace to fill any vacany, and they did not in fact participate generally in the election. The electors may well be presumed to know when the regular terms of city offices begin and end. They usually do know it in fact, but in respect to vacancies it is entirely different.

Judgment will be rendered in favor of the defendant for costs.

All the Justices concurring.