BOARD OF ELECTION COMMISSIONERS OF WAYNE COUNTY
*v.* WAYNE CIRCUIT JUDGES.

1. MANDAMUS—INJUNCTIONS—EQUITY—ADEQUACY OF REMEDY BY
APPEAL—ELECTIONS.

A preliminary injunction against placing on the ballot the name
of a candidate for prosecuting attorney to fill an alleged va-
cancy will not be vacated in mandamus unless the time is so
short before election that the injunction will operate in effect
as a final determination and no other adequate relief exists.

2. ELECTIONS—CONSTITUTIONAL LAW—PRIMARY ELECTIONS.

After the appointment by the Wayne circuit judges, under
the authority of section 11, art. 7, of the Constitution, of a
prosecuting attorney to fill a vacancy caused by resignation,
no notice having been given of any intention to fill the va-
cancy at the general election, an interlocutory injunction re-
straining the election commissioners from printing the name
of a proposed candidate nominated by three votes at the pri-
mary will not be disturbed in mandamus proceedings; notice
of intention to fill the vacancy should be made public before
the primary election. Const., art. 8, § 3, art. 16, § 5; 1 Comp.
Laws, §§ 3596, 3597; 1 How. Stat. (2d Ed.) §§ 193, 194.

3. SAME—PROSECUTING ATTORNEY.

Although the appointment filling the vacancy is of a tempo-
rary nature, the appointee may continue to perform the
duties of the office until the expiration of his predecessor's
term or the vacancy is regularly filled.

Mandamus by the board of election commissioners of
Wayne county and another against Henry A. Mandell
and others, circuit judges of the county of Wayne, to
compel respondents to vacate a preliminary injunction
restraining relators, the board of election commissioners,
from printing the name of Proctor K. Owens on the bal-
lots used in the general election, said injunction having
been issued in a suit instituted by the attorney general
against relators. Submitted October 22, 1912. (Calen-
dar No. 25,406.) Writ denied October 24, 1912.

*Edward S. Grece* (*M. F. McDonald*, of counsel), for relators.

*Charles T. Wilkins* and *Arthur W. Kilpatrick*, for respondents.

OSTRANDER, J. On or about October 12, 1912, the attorney general filed in the circuit court for the county of Wayne, upon the relation of Hugh Shepherd, an information in the nature of a bill in equity for and on behalf of the people of the State, in which it is charged that at a general election held in November, 1910, Philip T. Van Zile was elected to the office of prosecuting attorney for the county of Wayne for the term of two years, commencing January 1, 1911, ending December 31, 1912. He performed the duties of said office until September 16, 1911, at which time he resigned the office. The circuit judges of Wayne county on October 4, 1911, made and entered an order appointing Hugh Shepherd to fill the vacancy, and to perform the duties of the office of prosecuting attorney for the county for the time being. Mr. Shepherd took the oath of office, and entered upon the discharge of the duties of the office of prosecuting attorney, and has since performed, and is now performing, said duties. He paid the necessary fee and filed a petition with the county clerk of Wayne county to have his name placed upon the ballot at the primary election held August 27, 1912, as the republican candidate for the office of prosecuting attorney for the county of Wayne for the term of two years, beginning January 1, 1913. His name was placed upon the ballot, and at the primary election he was declared to have received the greatest number of votes on the republican ticket for said office for said term. No notice was given to the electors before said primary election was held that a candidate was to be nominated thereat to fill a vacancy in the office of prosecuting attorney for the county, but at the election so held on August 27, 1912, three votes were cast for Proctor K. Owens as the nominee of the republican party for the office of prose-

cuting attorney for said county to fill a vacancy in such office.   These three votes were cast in one voting precinct of the city, were written upon the ballots, and no other votes were cast for any person to fill such alleged vacancy. On the 16th day of September, 1912, the board of canvassers certified to the board of election commissioners that said Proctor K. Owens had received the greatest number of votes cast at said primary election as nominee of the republican party for the office of prosecuting attorney for Wayne county, to fill vacancy, to be voted for at the general election to be held November 5, 1912.   Mr. Owens demanded that the board of election commissioners print his name on the ballots to be used at the said next November general election as nominee on the republican ticket for the office of prosecuting attorney for Wayne county to fill vacancy.   The board of election commissioners for said county propose and threaten to print or cause to be printed the name of said Proctor K. Owens on said ballots as the republican nominee for the office of prosecuting attorney to fill vacancy.   It is further charged that no notice was given to the electors of the county, and that they were not informed that a candidate was to be nominated at said primary election to fill any vacancy in the office of prosecuting attorney, and there was not any general knowledge or belief or supposition on the part of the voters of any political party that any such vacancy existed to be filled at such general election or at any special election.   Republican nominees for county officers nominated at said primary election received votes ranging in number from 13,279 to 20,883.   It is alleged that, if the board of election commissioners causes the name of said Proctor K. Owens to be placed upon ballots to be used at the November election, it will be contrary to law, and will result in irreparable injury to the public and to relator, and in damage to the people of the State of Michigan.

It is prayed that said Proctor K. Owens and the board of election commissioners be made defendants and required to answer the bill; that the said three votes certi-

fied by the said board of county canvassers to have been cast for the said Proctor K. Owens at the primary election for the office of prosecuting attorney to fill vacancy be declared void; that said Owens be restrained and enjoined from any further proceeding and from making any further demand upon the board of election commissioners of Wayne county with reference to the printing of his name on said ballots; that the board of election commissioners be enjoined and restrained from printing his name upon said ballots as they threaten and propose to do. Upon filing and reading said information of the attorney general, Proctor K. Owens and the board of election commissioners were required to show cause on the 16th day of October, 1912, why the prayer of the bill of complaint should not be granted. The defendants joined in a demurrer to the bill, and on the 16th of October the demurrer came on to be heard and was overruled. By an order made the same day by three of the judges of the Wayne circuit court, sitting in chancery, an injunction issued as prayed for in said bill of complaint. In said order for injunction, it is recited that it is agreed between counsel that the demurrer theretofore filed should be considered as a return to the order to show cause. A motion to dissolve the injunction was denied. Thereupon the board of election commissioners and the said Owens applied to this court, and this court granted an order requiring said circuit judges to show cause why a writ of mandamus should not issue requiring them to set aside the order overruling the said demurrer and to set aside the order granting the said temporary injunction and to dissolve the same. The return to the order to show cause embraces so much of the records, orders, and proceedings of the court below as relate to the matter in question.

The principal subject discussed in the briefs is the jurisdiction of the court of equity in cases like the one presented. That it has jurisdiction to prevent the threatened action of the board of election commissioners of Wayne

172 MICH.—28.

county is asserted by the attorney general and denied by the relators. The matter is not one which ought to be determined in mandamus proceedings, unless the short period of time before the ballots are required to be printed will operate, in fact, to make the temporary injunction which was granted by the court below final and decisive of the main controversy and of the right of Mr. Owens, thus creating an exigency in which there is no other adequate relief. Nor is it important to consider the question of jurisdiction, unless it appears that some right of Mr. Owens is involved or performance of some legal duty by the board of election commissioners is interfered with.

Article 10, § 3, of the Constitution of 1850, provided:

"In each organized county there shall be a sheriff, a county clerk, a county treasurer, a register of deeds and a prosecuting attorney, chosen by the electors thereof, once in two years, and as often as vacancies shall happen, whose duties and powers shall be prescribed by law."

Article 8, § 3, of the Constitution of 1909, provides:

"There shall be elected biennially in each organized county a sheriff, a county clerk, a county treasurer, a register of deeds and a prosecuting attorney, whose duties and powers shall be prescribed by law."

The words found in the old Constitution, "and as often as vacancies shall happen," are omitted from the new Constitution. We do not intimate there is significance in the change in the constitutional provision. The debates of the convention of 1908 do not indicate that it was desired, or intended, to change the meaning of the provision of the old Constitution. The Constitution also provides (article 16, § 5):

"The legislature may provide by law the cases in which any office shall be deemed vacant and the manner of filling vacancies, where no provision is made in this Constitution."

The Constitution (article 7, § 11) reads:

"The judges of the circuit courts may fill any vacancy

in the offices of county clerk or prosecuting attorney within their respective jurisdictions."

The same provision appeared in the Constitution of 1850. See *Sayles* v. *Genesee Circuit Judge*, 82 Mich. 84, 89 (46 N. W. 29). It is agreed that in September, 1911, upon the resignation of Judge Van Zile, the office of prosecuting attorney for Wayne county became vacant. The appointment of Mr. Shepherd to fill the vacancy was made pursuant to 1 Comp. Laws, § 1169 (1 How. Stat. [2d Ed.] § 1320). The vacancy having occurred after the commencement of the term of service and more than six months before the next general election, it would have been proper to fill it at a special election (1 Comp. Laws, § 3596, subd. 4; 1 How. Stat. [2d Ed.] § 193, subd. 4); and, if not earlier filled, then at the coming general election (1 Comp. Laws, § 3597; 1 How. Stat. [2d Ed.] § 194). There is no statute brought to our notice which makes it imperative that a vacancy in the office of prosecuting attorney shall be filled at the next general election where there has been no special election. There is therefore no public duty to take notice that such an election will be held. In such a case the intention to supply the vacancy, whether at a special or a general election, must be evidenced by notice. It is the general rule that where the time and place of an election are not fixed by law, and in cases of special elections not occurring at fixed or regular periods, but only upon the happening of a contingency, notice is indispensable and an election held without it is void. Mechem on Public Offices and Officers, § 176; *Moore* v. *Witherell*, 14 Mich. 48. If the statutory notice is not given, there must be such notice, in fact, such general understanding of the electors as to effectually take the place and accomplish the purpose of the statutory notice. *Secord* v. *Foutch*, 44 Mich. 89 (6 N. W. 110); *Adsit* v. *Secretary of State*, 84 Mich. 420 (48 N. W. 31, 11 L. R. A. 534). No such notice has been given, and, as was said in *Secord* v. *Foutch*, *supra*, "the number of votes cast is conclu-

sive of the general understanding." In essentials, primary elections are conducted as regular elections are. The primary election law provides that, where a special election shall be called to fill any vacancy in any office the candidates for which are regularly nominated in accordance with the provisions of the act, a special primary election for all political parties shall be held. Act No. 279, Pub. Acts 1911, § 16 (1 How. Stat. [2d Ed.] § 520). This provision is in harmony with the rule which has been stated. If a special election had been called to fill the vacancy caused by the resignation of Judge Van Zile, a special primary must have been held. So if it was intended to fill the vacancy at the coming general election, notice thereof should have been given before the primary election was held.

In the brief for relators we are referred to the case of *Attorney General* v. *Trombly*, 89 Mich. 50 (50 N. W. 744), as authority for the proposition that a vacancy exists in the office of prosecuting attorney for Wayne county which may be filled by the electors. We may admit this, and assume (as the legislature appears to have done) that the appointment to office provided for in article 7, § 11, of the Constitution, is temporary, and in this case conferred no title to the office for a specific term. Nevertheless the appointment was lawfully made, and the appointee may continue to perform the duties of the office until the electors fill the vacancy. No notice has been given of an intention to fill the vacancy in the office at the coming general election, and no general public understanding that it was to be filled at that election is manifest; for which reason no election to fill the vacancy has been held or can be held on November 5th. The votes cast at the primary election for Mr. Owens as a candidate for the office to fill the vacancy were without significance in fact and in law.

The action and orders of the Wayne county circuit court, in chancery, do not deny to Mr. Owens any right, and they interfere with the performance of no legal duty of the board of election commissioners. For this reason,

we decline to issue the writ of mandamus to compel the vacation and setting aside of those orders.

Moore, C. J., and Steere, Brooke, Kuhn, Stone, and Bird, JJ., concurred with Ostrander, J.

McAlvay, J. I concur in the result reached in the foregoing opinion on the ground that, under the provisions of our Constitution quoted therein, the appointment which was made by the circuit judges filled the vacancy in this office for the entire unexpired term. The statutes providing for elections to fill vacancies in office are only applicable where "no provision is made in this Constitution."