(No. 15936.—Judgment affirmed.)
THE PEOPLE *ex rel.* W. G. Anderson, Appellant, *vs.* ANTON CZARNECKI *et al.* Appellees.

*Opinion filed April 14, 1924—Rehearing denied June 6, 1924.*

1. ELECTIONS—*Governor must issue writ of election to fill vacancy in office of State senator at general election.* Under the constitution it is the duty of the Governor to issue a writ of election to fill a vacancy in the office of State senator, even though, under section 129 of the general Election law, it is possible to fill such vacancy at a general election without the calling of a special election, and where no writ of election is issued a party cannot be declared elected to fill the vacancy merely because qualified electors voted for him at the general election.

2. SAME—*when notice of an election is essential to its validity.* Where the time and place of an election are fixed by law an omission to give the required notice will not vitiate the election held on the day appointed, but where the time and place are not fixed by law and the election is to be called and the time and place are to be fixed by some authority named by the constitution or the statute, it is essential to the validity of the election that it be called and the time and place fixed by the agency designated by law.

3. SAME—*voters are not bound to take notice of a vacancy.* While voters are bound to take notice of a general election day fixed by statute and of the offices that are to be filled at that time, they are not bound to take notice of the existence of a vacancy that may be filled at such election.

4. SAME—*election to fill vacancy is special although held at general election.* Every election called to fill a vacancy is a special election, and the fact that it is held on the same day as the general election does not change its character.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH B. DAVID, Judge, presiding.

MILES J. DEVINE, JOHN M. DUFFY, F. L. BARNETT, and L. H. CRAIG, (W. E. MOLLISON, and W. G. ANDERSON, of counsel,) for appellant.

JOSEPH B. FLEMING, for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This appeal is from a judgment of the superior court of Cook county denying a writ of *mandamus* directing the board of election commissioners to proclaim the election of W. G. Anderson for State senator to fill the vacancy in the third senatorial district.

November 7, 1922, Samuel A. Ettelson was elected senator in and for the third senatorial district of Illinois and thereafter duly qualified for said office. Some time prior to September 22, 1923, he ceased to be an inhabitant of the district for which he was elected and on the date named he filed his resignation with the Governor, and the office of senator for the third senatorial district thereby became vacant. At the general election held in Cook county, which includes said senatorial district, November 6, 1923, two qualified electors of the district cast their votes for W. G. Anderson for senator, Anderson being then duly qualified to fill the office if elected. The election board of the fourth precinct of the third ward of said district filed with the board of election commissioners their statement showing that Anderson received two votes for the office of State senator and that no votes were cast for any other persons, but the board of election commissioners refused to count said votes and refused to certify to the county clerk that Anderson had received the highest number of votes for said office of State senator, whereupon this petition was filed for a writ of *mandamus.*

Section 2 of article 4 of the constitution requires the Governor to issue a writ of election to fill such vacancies as occur in either house of the General Assembly. Section 126 of the general Election law provides that the officer whose duty it is to order an election to fill a vacancy alleged to exist, shall have power to determine whether or not the facts occasioning such vacancy do exist. Section 129 of the same act provides: "When a vacancy shall

occur in the office of senator or representative in the General Assembly, it shall be the duty of the county clerk of the county in which the member whose office is vacant resided, to notify the Governor of such vacancy. Whereupon the Governor shall issue a writ of election to the county clerk or clerks of the county or counties in which the vacancy is to be filled, fixing a day upon which an election shall be held to fill such vacancy; but unless the General Assembly shall be in session at the time the vacancy occurs, or there shall be a session between the time at which the vacancy occurs and the next succeeding general election, no special election shall be ordered to fill such vacancy."

The General Assembly was not in session at the time the vacancy in the third senatorial district occurred, and the next regular session of the General Assembly would not convene until January, 1925. Three regular general elections, therefore, would occur between the time the vacancy occurred and the time of the convening of the next session of the General Assembly,—November 6, 1923, and June 2 and November 4, 1924. It was the duty, therefore, of the Governor to issue his writ of election to fill such vacancy, fixing one of these days as the day for holding the election. He did not designate November 6, 1923, as the day upon which the election should be held to fill such vacancy, and there was nothing in the notices of election or on the ballots voted at the election to indicate that the vacancy existed or that it was to be filled at that election.

When the time and place of an election are fixed by law it has been held that an omission to give the required notice of the election will not vitiate an election held on the day appointed by law, (*People* v. *Gary*, 196 Ill. 310; *Adsit* v. *Secretary of State,* 84 Mich. 420, 48 N. W. 31,) but where the time and place of an election are not fixed by law and the election is to be called and the time and place are to be fixed by some authority named by the constitution or the statute, it has been held to be essential to the validity

of such an election that it be called and the time and place thereof fixed by the agency designated by law, and none other. (*Stephens* v. *People,* 89 Ill. 337; *Snowball* v. *People,* 147 id. 260; *Morgan* v. *Gloucester City,* 44 N. J. L. 137; *State* v. *Sengstacken,* 61 Ore. 455, 122 Pac. 292; *State* v. *Superior Court,* 71 Wash. 484, 128 Pac. 1054.) While the voters are bound to take notice of a general election day fixed by statute and of the offices that are to be filled at that time, they are not bound to take notice of the existence of a vacancy. (*Secord* v. *Foutch,* 44 Mich. 89, 6 N. W. 110; *People* v. *Thompson,* 67 Cal. 627, 9 Pac. 833; *Cook* v. *Mock,* 40 Kan. 472, 20 Pac. 259.) Under our statute the Governor, and no one else, has the authority to determine whether a vacancy exists in either house of the General Assembly. Appellant's argument is based upon the contention that under the facts shown in this record the statute fixed the time of holding the election to fill this vacancy at the "next succeeding general election" after the vacancy occurred, and that such an election is not a special election. There is no basis for this position. Every election called to fill a vacancy is a special election, and the fact that it is held on the same day as the general election does not change its character. The statute does not purport to fix the time when the Governor shall call the election, but it does limit the right of the Governor to fix the day upon which the special election is to be held, where the General Assembly is not in session at the time the vacancy occurs and where there will be no session of the General Assembly between that time and the next succeeding general election. In that event the Governor is prohibited from calling the election to fill the vacancy on a day other than the day on which a general election is held. The purpose of this limitation is to save the tax-payers the expense of a useless special election.

The judgment of the superior court is affirmed.

*Judgment affirmed.*