The People of the State of Illinois, Appellee, v. Amos Pillman and Ted Zimmerman. Amos Pillman, Appellant.

Opin-
ion filed March 6, 1936.

MILO D. YELVINGTON, of Newton, for appellant.

HOMER KASSERMAN, State's Attorney, for appellee.

MR. PRESIDING JUSTICE EDWARDS delivered the opinion of the court.

The State's attorney of Jasper county, by leave of court, filed an information in quo warranto calling upon appellant to show by what authority he exercised the duties of supervisor of the Town of Smallwood in Jasper county. One Ted Zimmerman, who claimed to be the lawful incumbent of the office, was also made a party defendant and filed his plea to the information.

Appellant pleaded justification, alleging that he was duly elected supervisor of said township in April, 1930, for a term of three years and until his successor should be elected or appointed and qualified; that an effort was made at the annual town meeting in April, 1933, to elect his successor; that upon a contest of such election, the county court held that no one had been elected as supervisor; that thereafter he continued to hold such office, and that no successor to him had since such time been elected or appointed and qualified; that at the annual town meeting in April, 1935, candidates for supervisor were then voted for, and said Zimmer-

man declared elected to the office, but he denies that such election was valid, for the reason that no law of this State authorized the election of a supervisor to fill a vacancy except at a special town meeting called for such purpose, and that no such special town meeting was held in such township, for such purpose, since the election of appellant in April, 1930; and that by virtue of the statute which provided he should hold his office until his successor was elected and qualified, he has continued and still continues to hold such office; and that by reason of the premises, his title thereto is lawful.

To this plea a demurrer was filed, which the court sustained. Appellant refused to further plead, and judgment of ouster was entered against him, together with a fine of $1 and costs; from which judgment this appeal is prosecuted.

The only question argued by the parties is whether or not a vacancy in the office of supervisor can be filled at an annual town meeting.

The statute in force at the times in question, being sec. 60 of the Township Organization Act, Cahill's St. ch. 139, ¶ 60, provided that the supervisor elected in 1930 should hold his office for three years and until his successor is elected and qualified, and that his successors, elected in 1933 and every four years thereafter, should hold for a term of four years and until their successors are elected and qualified; hence appellant was not only entitled, but was as well obligated, to exercise the functions and duties of his office after April, 1933, when an attempt to elect a supervisor failed, until and when a successor should be lawfully chosen and qualified.

Where an officer, so elected, holds by virtue of the statute until his successor has been elected and qualified, his temporary occupation does not prevent the declaration that a vacancy in such office exists, and

the filling of same by the authority empowered so to act in such situation. 46 Corpus Juris, 969, sec. 110.

It is thus evident that while appellant's holding over after the expiration of his term was lawful, the tribunal constituted by law to determine whether such facts established a vacancy had the authority and were under the duty of so determining and declaring that a vacancy existed.

In Ill. State Bar Stats. 1935, ch. 46, ¶ 139 (sec. 129 of ch. 46, Smith-Hurd R. S. 1935), it is provided: "Whenever it is alleged that a vacancy in any office exists, the officer, court or county board whose duty it is to fill the vacancy by appointment, or to order an election to fill such vacancy, shall have power to determine whether or not the facts occasioning such vacancy exist."

Par. 96 of the Township Organization Act, Ill. State Bar Stats. 1935, ch. 139, declares that whenever any town shall fail to elect the proper number of town officers, or when a vacancy shall happen in any town office, except justice of the peace or constable, it shall be lawful for the supervisor, town clerk and justices of the peace of the town to fill such vacancy by appointment, and the person so appointed shall hold office for the unexpired term and until others are elected or appointed in their places.

It is further provided by sec. 56 of the same act that a special town meeting may be held when the supervisor, town clerk, a justice of the peace, or any two of such officers, together with at least 15 voters of the town, shall file with the town clerk a request therefor, at which such special town meeting, as authorized by sec. 59 of the Act, "the electors at special town meetings, when convened, shall have power to fill vacancies in the offices of town officers when the same shall not have already been filled by appointment."

We have been referred to no other statutory authorization, nor have we been able to find any, covering the subject of filling a vacancy in a town office. It is of course fundamental that where the statute provides or allows a manner in which vacancies may be filled, either by election or appointment, such mode is exclusive and the only lawful way in which such function may be exercised, and that an officer, otherwise selected, has no legal tenure to the office. 46 Corpus Juris, 976, sec. 125.

Appellees argue: ''As stated in the various cases cited in the brief herein, the theory of annual town meetings is that all of the electors of the town are present and that they may transact any and all business of the town. They are not limited to the amount of taxes they may levy for town purposes. They may take cognizance of vacancies existing in town offices; the only limitation on the authority of the town in such an event is that the officers shall be selected by ballot instead of in open meeting.''

We think this is a misapprehension of the law, as the electors present at the annual town meeting do not take notice of the existence of a vacancy in a town office. This seems but logical; a special tribunal of town officers is constituted to determine whether or not a vacancy is in effect, and until they have determined such fact, or the matter has been cared for by a special town meeting as the statute provides, it cannot be known that a vacancy in fact exists; and certainly, until a vacancy has been determined in the manner required by statute, there is no authority to fill it.

In *People v. Czarnecki,* 312 Ill. 271, 274, the rule is stated to be: ''While the voters are bound to take notice of a general election day fixed by statute and of the offices that are to be filled at that time, they are not bound to take notice of the existence of a va-

cancy." And to the same effect are *Cook v. Mock,* 40 Kan. 472, 20 Pac. 259; *Secord v. Foutch,* 44 Mich. 89, 6 N. W. 110.

We do not find any power conferred by statute, expressly or by implication, to fill vacancies in town offices at the annual town meeting. We are therefore of opinion that the election for supervisor of Smallwood Township, held at the annual town meeting of April, 1935, was without legal sanction, and was invalid.

The plea of appellant set forth a sufficient justification, and the court improperly sustained the demurrer thereto; for which reasons the judgment is reversed and the cause is remanded with directions to the trial court to overrule such demurrer.

*Reversed and remanded with directions.*