

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

*Modified by C-406*

*See Bryant v. O'Donnell
359 SW 2d 281 (2d. Civ.app.
1962)*

January 6, 1959

*modified opinions
O-263
O-7508
V-771*

Hon. Edd B. Keyes
County Attorney
Tom Green County
San Angelo, Texas

Opinion No. WW-541

Re: Questions relating to
the existence of a
vacancy in the office
of constable and the
validity of an election
to fill the vacancy
under the conditions
stated.

Dear Mr. Keyes:

You have requested an opinion on the existence of a vacancy in the office of constable and the validity of an election to fill the vacancy under the conditions set out in your request, which are summarized as follows:

"A man was elected to the office of constable in the general election of 1954. He did not run for office nor was he elected at the general election in 1956. He has continued to hold this office, receiving pay until the general election on November 4, 1958, at which time there was a write-in campaign in which he was defeated. Not until then was it discovered that the above situation existed.

"Article 18, Revised Civil Statutes, states that an office holder holds over until a person is elected or appointed and qualifies. Article 2355 states that the commissioners court shall fill vacancies in the office of constable and that the person chosen shall hold office until the next general election. Article 6883 states that whenever any person elected constable neglects or refuses to give bond and take the official oath within twenty days after notice of his election, the office shall be deemed vacant.

"The thought here is that, first, there was a vacancy on January 1, 1957, when the incumbent

failed to qualify, and as a result there was a
vacancy. Contrary to that thought is, the in-
cumbent holds over until a person is elected or
appointed; as a result, no vacancy has existed
until it was known that the incumbent has failed
to meet the requirements. As a result, it devel-
ops that it is necessary to decide whether a
vacancy existed."

Supplementing your opinion request, you have con-
firmed our inference that the office of constable was not listed
on the printed ballot at the 1958 general election, and the write-
in votes were cast by the voters having written in both the title
of the office and the name of the person for whom they wished to
vote.

Under Article XVI, Section 65 of the Constitution
and Article 17 of the Revised Civil Statutes, the person who
was elected to the office of constable in the general election
of 1954 received a term of two years only, which expired on De-
cember 31, 1956. The succeeding term was for four years, begin-
ning on January 1, 1957 and expiring on December 31, 1960, and
regularly would have been filled at the general election in 1956.
Since no one was elected in 1956 to fill this term, the office
became constructively vacant on January 1, 1957, and the vacancy
was subject to being filled by appointment of the commissioners
court until the general election in 1958, at which time an elec-
tion should have been held to fill the remainder of the term
which will expire on December 31, 1960. If the write-in votes
cast for this office at the 1958 general election constituted
a valid election, the person who received a plurality of the
votes is entitled to the office for the remainder of the unex-
pired term. On the other hand, if no one was validly elected
to the unexpired term at the 1958 general election, the office
continues to be constructively vacant and is subject to being
filled by appointment of the commissioners court until the gen-
eral election in 1960.

The incumbent who was elected in 1954 was entitled
to hold over into the new term, in accordance with Article XVI,
Section 17 of the Constitution and Article 18 of the Revised
Civil Statutes, until a successor qualified. See cases cited in
34 Tex.Jur., Public Officers, § 31. We do not believe the in-
cumbent's failure to qualify for the new term is material. A
hold-over officer is not required to qualify for the new term
in order to continue to perform the duties of the office. State
v. Jordan, 28 S.W.2d 921 (Tex.Civ.App. 1930, error dism.). If
he had attempted to qualify for the new term by taking a new
oath and giving a new bond, he would not have acquired any fur-
ther right to the office than as a hold-over, since he had been
neither elected nor appointed to the new term. But the fact that

he was holding over did not prevent there being a vacancy in the sense that the office was subject to being filled by appointment. State v. Cocke, 54 Tex. 482 (1881); Maddox v. York, 54 S.W. 24 (Tex.Civ.App. 1899, affirmed 93 Tex. 275, 55 S.W. 1133); Tom v. Klepper, 172 S.W. 721 (Tex.Civ.App. 1915, error ref.). Beginning with January 1, 1957, upon the failure to elect someone at the 1956 general election, there was a constructive vacancy in the office which was subject to being filled by appointment of the commissioners court until the general election in 1958, even though Article V, Section 18 of the Constitution provides that a constable shall hold office "until a successor is elected and qualified." State v. Cocke, supra; Tom v. Klepper, supra. Regardless of whether an appointment was made, the remaining portion of the unexpired term was subject to being filled by election at the general election in 1958.

We come then to the question of whether there was a valid election of a successor at the 1958 general election. If there was a valid election, the elected successor is entitled to assume the office as soon as his election has been officially declared. Att'y Gen. Op. WW-516 (1958). If there was not a valid election, the hold-over incumbent continues in office as a hold-over until a successor has qualified, but the commissioners court may appoint someone to fill the vacancy until the general election in 1960.

The validity of the election depends on whether the voters generally knew or should have known that an election for the office was taking place. Cunningham v. Queen, 96 S.W.2d 798 (Tex.Civ.App. 1936). If the office had been included in the order of the county judge calling the general election and the title of the office had been printed on the ballot, a valid election could have been held by means of write-in votes even though no candidate had qualified to have his name printed on the ballot and though only a small fraction of the voters wrote in the name of a candidate. Sterrett v. Morgan, 294 S.W.2d 201 (Tex.Civ.App. 1956); Cunningham v. Queen, supra; Att'y Gen. Op. S-215 (1956). There is no Texas case deciding whether there can be a valid election by means of writing in both the title of the office and the name of the candidate where the office is not listed on the ballot. In the Cunningham case, which involved an attempt to nominate a candidate at the second primary by this method, the court held that there was no valid election under the facts in that case, but it did not go so far as to hold that a valid election could not have been held under any circumstances if the office was not listed on the ballot. The case is also distinguishable from the present fact situation because write-in votes are not permitted at a second primary, and this was not a second primary but was a general election.

In other jurisdictions the cases are in irreconcilable conflict on the question of whether a valid election can be held where the office is not listed on the ballot. For our opinion we adopt the principles set out in the following cases as representing what we consider to be the better views: People v. President of Village of Wappinger's Falls, 144 N.Y. 616, 39 N.E. 641 (1895); Carlough v. Ackerman, 74 N.J.L. 16, 64 Atl. 964 (1906); Secord v. Foutch, 44 Mich. 89, 6 N.W. 110 (1880); State v. Turnbull, 212 Minn. 382, 3 N.W.2d 674 (1942); dissenting opinion in State v. Hayes, 148 Ohio St. 681, 76 N.E.2d 869 (1947).

On the basis of the foregoing authorities, we are of the opinion that the ordering of an election for the office and the listing of the title of the office on the ballot are not absolutely essential to the validity of the election. The failure of the election officers to do these things cannot defeat the right of the voters to fill the office by election, and the voters have the right to write in both the title of the office and the name of the candidate of their choice. If the voters generally had notice through other sources that an election for the office was taking place, the election would be valid even though only a small portion of the persons voting at the election availed themselves of this right. On the other hand, the mere fact that an office is legally subject to being filled at the election is not conclusive that the voters knew or should have known that an election for the office was taking place, especially where the office is not regularly filled at that election.

Whether the voters generally knew or should have known that an election for the office was taking place is a fact question depending on all the surrounding circumstances. The publicity given to write-in campaigns, the relative number of votes cast for the office, public comment concerning the legal question of whether the office could be filled at the election, are some of the factors which would have a bearing on the question. The initial determination of this fact question is to be made by the authority which canvasses the election returns, subject to review by the courts. With reference to the office of constable here involved, the initial determination of this fact question is to be made by the Commissioners Court of Tom Green County. If it finds in the affirmative on the question, it should canvass the votes and declare the results and the County Judge should issue a certificate of election to the person receiving a plurality of the votes. If it finds in the negative, it should refuse to canvass the votes.

Attorney General's Opinions O-203, O-7508, V-771, and any other former opinions of this office which may be

inconsistent with the principles announced herein are modified to conform to this opinion.

## SUMMARY

Where no one was elected to the office of constable in the general election in 1956 for the succeeding regular term and the incumbent continued in possession of the office as a holdover officer, there was a constructive vacancy in the office beginning with January 1, 1957, and the remainder of the unexpired term was subject to being filled at the general election in 1958.

Where the 1958 general election ballot did not list the office of constable on the printed ballot, the validity of an election to fill the unexpired term by means of write-in votes depended on whether the voters generally knew or should have known that an election for the office was taking place. This is a fact question, depending on all the surrounding circumstances, to be determined initially by the commissioners court in deciding whether the votes for the office should be canvassed.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Mary K. Wall
Mary K. Wall
Assistant

MKW:bh

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

Marvin H. Brown, Jr.
Byron Fullerton
Morgan Nesbitt

REVIEWED FOR THE ATTORNEY GENERAL
BY:
W.V. Geppert